May it please the Court, my name is Jonathan Montag, representing Mr. Lara, and I request the reservation of two minutes of my time. All right. This case, Your Honor, is about whether conviction for gross vehicular manslaughter while intoxicated is an aggravated felony under 18 U.S. Code 16b. And that statute requires that a crime be a crime of violence if it is a felony that by its nature involves a substantial risk that physical force against the person or property of another may be used in committing the offense. The Supreme Court in November decided the case about 16b, which is relevant to this case, and that was Leocal v. Ashcroft. And what that case did was help the Court to define the framework of 16b, and it said that an accidental event cannot be a crime under 16b. The reckless disregard in Section 16 relates not to general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing the crime. And they cite it as the benchmark example as burglary, which by its nature involves a substantial risk that the burglar will use force. And apparently the burglar breaks in and there's the risk that somebody will be there that he'll have to use force against. Do you think Leocal extends to gross negligence or recklessness? I don't think that. Leocal itself says that they reserve the issue of recklessness because in that case it was pure negligence and therefore they were able to decide it on that ground. However, what I think that Leocal is useful for is to see that this is a two-step framework. Also in Leocal they said that the reason why burglary is a 16b offense is not because burglaries can be committed in a generally reckless way. It's the nature of the crime that requires the risk that involves this risk under 16b and not just risky behavior that relates to people's deaths. And I think when analyzing the 16b, there's really a two-stage process that the court needs to go through. The first is whether there's an intentional risk of physical force in the crime. For example, is the crime more like burglary? Or, for example, there's another board case matter of Sweetser where a boy died when his father was inattentive to the boy in the bathtub. And in that case they decided even though there was risk of harm, there was no force in that case. And because of the lack of physical force, the case wasn't a crime of violence even though a terrible thing happened in the case. And after the court makes the analysis of whether there's an intentional risk of physical force, then if it finds that there is, then this whole issue of whether negligence or gross negligence or recklessness is an issue comes into play. If in this case California had charged driving under the influence and reckless driving, would your client be liable to the criminal charge? I think the issue in the case would be whether there is a 16B serious, whether there was violence that was inherent in that act. Well, reckless driving is the willful and wanton disregard of the person or property of another. Yes, it is. But the reckless driving without any harm to anyone else. Well, here there was harm. There was somebody killed. I don't think that reckless driving in and of itself, though this is not the facts of this case, because in this case it's gross negligence rather than negligence. However, I would argue that just as the Leopold Court said that burglaries can be committed in a reckless way, that doesn't make them necessarily 16B crimes of violence. But just because there's recklessness, there would need to also be the elements of actual harm, the potential for actual harm resulting from it. That case would be closer than this case, the theoretical case, because in this case if you look at the 191.5A statute, there are five elements. And the first one is the unlawful killing of a human being without malice of forethought. And the without malice of forethought is important when we get to the second stage of my theoretical two-prong analysis as to whether the crime is an intentional act, because the Supreme Court instructed that there needs to be some kind of intentional act and reserve whether recklessness is a proxy for that intentional act or potential intentional act. And in this case, the element after the unlawful killing is the driving, and driving under the influence would be the third element. And then the killing was the proximate result of drunk driving and then the gross negligence. And the issue in the case then becomes under the first prong here, is whether what is the crime can be committed when a person, obviously when a person hits somebody and he's driving, but are there other ways in the minimal definition of the crime under a categorical approach where a person can be convicted of this crime? And I posit that if he were to, for example, have been drunk and parked his car in a dangerous place and then people died, let's say on the beach in low tide, then that would be a possibility of a conviction under that crime because it would meet all the elements, because the killing would have been a proximate result of the drunk driving. And in Sweetser is a good example of that, where there was dangerous activity and death, but the minimal activity involved wasn't the kind that would impact 16B. And the New York, I mean, the Second Circuit decided in a similar vein that recklessly causing the death of another person is not, and that was their manslaughter provision under New York State law, was not an aggravated felony. And they said that that was because passive conduct or omissions alone are sufficient for a conviction. And that would mean that, for example, leaving an infant by a pool, which is the analog to Sweetser, or not interceding to provide medical care for somebody, or driving drunk with an infant in an ATV, are all cases where there would be no use of force under the concept of 16B. And therefore, I would submit that the crime that Mr. Lara was convicted of doesn't have that risk under 16B for force that would be required for it to be an aggravated felony. And I'd like to reserve the rest of my time. Thank you. Don't we substitute Mr. Gonzalez for Ashcroft? Yes. Okay. You do. May it please the Court, my name is Jennifer Paisner on behalf of Attorney General Gonzalez. It's important to clarify at the outset exactly what this case is about. It is not about a conviction for driving under the influence under the California Vehicle Code. That is the issue that was decided by the Supreme Court in Leocal, and the Leocal decision is consistent with this Court's previous decision in Trinidad Aquino, and we submit offers nothing new to the discussion. What this case is about is a conviction for gross vehicular manslaughter under Section 191.5A of the California Penal Code. And briefly, the California Supreme Court has distinguished between a conviction for under 191.5A and a conviction for DUI under the Vehicle Code. And what it said is that ---- Where death is involved in both situations? No, because death is an element of a conviction under 191.5A. Death is not necessarily an element under the DUI provision. And that's ---- So if you're under the influence and you kill someone, that's not a crime of violence. But if you're under the influence and you've committed gross negligence, then that is a crime of violence. That's right. If you're convicted under 191.5A, which is gross vehicular manslaughter, then that's a crime of violence. And in discussing the difference between a drunk driver who causes death under 191.5A and a drunk driver who's convicted under one of the provisions of the California Vehicle Code, what the California Supreme Court has said is the legislature has chosen to draw a line at this point by defining one crime in terms of an act of violence against the person, unlawful killing, and that refers to the 191.5A conviction, and placing it in the Penal Code, while defining the other in terms of an act of driving and placing it in the Vehicle Code. But it's really all the same conduct. Somebody gets in a car drunk and kills somebody, and then a prosecutor decides whether to charge them one way or the other. But what this Court has to do is look at the elements of the particular crime which the defendant was convicted of. I mean, that's the way it works. It's not the way Judge Canby described the situation. Well, there are different elements, and the different elements are that death has to result for a conviction under 191.5A. Let's assume we have death in either case. But the element of death is the fact that death is an element of the 191.5A is important because it turns it from a vehicle code violation to a manslaughter violation. Okay. But that's just, that's not because anything different has happened. What caused the death was that this guy got in the car drunk, and he shouldn't have been driving drunk. Well, and the other element that makes it different is the different mens rea required. Gross negligence. Gross negligence instead of negligence. But what do you do when you say in Leocal, in no ordinary or natural sense, can it be said that a person risks having to use physical force against another person in the course of operating a vehicle while intoxicated and causing injury? Now, where you'd cause death, if you want to. Well, our position on Leocal is that the holding in that case is only limited to convictions under, driving under the influence statutes with either no mens rea or mens rea of negligence. Everything Leocal says other than that is simply dicta. So you're differentiating between negligence and gross negligence. We are. And negligence, in no way can you be said to be using force against another. But with gross negligence, you are using force against another. Well, that's what this Court has said. Again, we don't believe Leocal says anything different. You said it before Leocal. You did. And that's why we don't believe Leocal is any different or adds anything new to the discussion from this Court's prior decision in Trinidad Aquino. Leocal. It seems to me it's very difficult to read Leocal and then sit back and say that Mr. Lara Cazares used force against another. We believe the analysis under 16b is whether there is a substantial risk that physical force may be used. Because it requires gross negligence. And used, they say in no ordinary natural sense can we say that a person risks having to use physical force against another person in the course of operating a vehicle while intoxicated. What do we do with that language? Well, what this Court has said is that when and that's why I think it's important to focus on the fact that this is a conviction for manslaughter and the California Supreme Court has distinguished a conviction for vehicular manslaughter from. Yeah, but there's no difference in the facts. It's just as hard to say. I mean, they can call it what they want. But you've got somebody who gets in the car and he's drunk and he's causing an undue risk of harm to others. There's no question about it. But he's not trying to use force against another, no matter how negligent he is. As I read Leocal. Well, there doesn't have to be an intent to use force. There has to be a substantial risk that force will be used in commission of the offense. Be used. Yeah. Used. Now, how is he using force in the commission of the offense? Well, we would submit that the example given of a defendant driving and parking and a death somehow resulting actually isn't covered by 191.5a. If you look at the elements of 191.5a, they suggest, and I wasn't able to find cases suggesting to the contrary, that the death results while the person is driving the car. And what 191.5a was meant to get at was meant to penalize those who voluntarily consume alcoholic beverages to the point of legal intoxication and thereafter operate a motor vehicle, thereby combining sharply impaired physical and mental faculties with a vehicle capable of exerting great force and speed and causing severe damage and death. That suggests that 191.5a is meant to penalize those people who with gross negligence drive drunk and actually hit somebody else. And that's the use of force. And because... But there was... Leocal hit somebody. But it was a conviction under a different... Yeah. They called it something else. But he was drunk driving and he hit somebody. And the Supreme Court said he didn't use force in the commission of his crime. That's why I think it's important to distinguish between leocal, which was a conviction under a drunk driving, a DUI provision in various... I don't remember what state it was, but vehicular code. It depends on the provision under which a person is charged. You can have the same conduct charged under a different provision. Well, you don't have the same conduct because there's the difference in mens rea. So without gross negligence, and we believe that the fact that gross negligence is required is very important because it takes it out of the realm of nonvolitional negligence, which is what this Court discussed in Trinidad Aquino, and it moves it into the realm of recklessness. And so the provision is very important. And all that Leocal addressed was... In the same way it does the recklessness?  Is there a distinction in those two words? Gross negligence is basically defined as a presumption of recklessness. The exercise of so slight a degree of care is to raise a presumption of conscious indifference to the consequences. And that is very... The jury considers presumptions against the defendant just because of the charge? Or does the State bear the burden of proof? I believe the State bears the burden of proof. The jury, as I understand it in California, the jury, there can be a finding of gross negligence based on a totality of the circumstances. The how drunk the defendant was or what type of other violation there was or various things like that. And those are used to make a finding of gross negligence. I guess was he had a jury trial? Did he or... Do we know how he was convicted? Did he plead guilty or what? I actually do not recollect at the moment. But there is, I mean, there's clear evidence in the record. His criminal conviction is in the record. And... I guess what I'm getting at is we use a categorical approach in these things. That's right. But sometimes we can look a little bit past the statute. There's actually not much evidence in the record. And so our only argument is under the categorical approach. Pure categorical. Yes. All right. Thank you. Thank you. I believe the record will indicate at page 236 that he was, he pled guilty to the offense. The idea of recklessness comes about because of 16B after the Supreme Court and this court earlier in its own cases like Trinidad Aquino said that there has to be, it can't be an accident. So the question is with this degree of intent, if there's an actual intent to assume this risk, for example, in burglary, then we know that it's a crime of violence. And the question is what happens if it's recklessness or it's negligence and all that. And they're all... We had said, hadn't we, that recklessness... You had said that in this court. Relational, right, it gets up to the relational. Yes, you have. Then the question then becomes what is the proxy for this intent? And this court had decided that recklessness is this proxy for the intent. However, right at the beginning of this statute, it says that he has to do this without malice of forethought. And it seems to me that it's important that you're saying right from the beginning when you say without, when they say without malice of forethought, that there's no element of intent here. Because the California courts have defined their view of what malice of forethought is. And it all has to do with intent and this mental state. So then later on at the end of the statute, they say with gross negligence. And 191, as complicated as it is with the different parts, it becomes even more difficult because they say without malice at the beginning and then with gross negligence at the end. But I think if the court is looking for the proxy for the intent under 16b, that proxy is not going to be found here because it says right at the beginning that there can't be any malice of forethought. Kennedy. Well, recklessness wouldn't require malice of forethought. And we have said recklessness is a relation. You have said that recklessness is the same. But I think even then, gross negligence is distinguishable from recklessness because the California cases I cited in the brief say that recklessness approaches an intent while negligence and gross negligence lack that intent. And I quote the California cases in the brief that point out that there is a subtle distinction between the degree in gross negligence. It is very subtle because I think anybody, if you suffer the loss of somebody who's hit by somebody in the car, you would call it reckless. Well, it's all a question of, I think, in the eye of the victim, whether he considers it recklessness or negligence or gross negligence. But I think in the law they make that distinction as a proxy for intent. With that, I guess. All right.   The matter will stand submitted. Call number two on the calendar.
judges: Pregerson, Canby, Beezer